CITY OF ST. PAUL v.
SUPERIOR DAIRY FRESH MILK COMPANY.

244 N. W. 2d 737.

July 23, 1976—No. 46469.

*Rider, Bennett, Egan, Johnson & Arundel* and *William J. George,* for appellant.

*Pierre N. Regnier,* City Attorney, and *Thomas R. Hughes,* Assistant City Attorney, for respondent.

PER CURIAM.

Defendant, Superior Dairy Fresh Milk Company, appeals from a judgment of conviction of the Ramsey County Municipal Court. We affirm.

Superior Dairy maintains its processing plant manufacturing dairy products and orange drink within the City of Minneapolis and maintains two vending machines distributing these products within the corporate limits of the City of St. Paul. On May 9 and May 14, 1975, two licensing inspectors employed by the City of St. Paul issued citations charging defendant with a failure to license these vending machines as required by St. Paul Legislative Code, § 291.01. Defendant was convicted and fined on each count.

The sole issue presented is whether the operation of vending machines dispensing dairy products and orange drink within the City of St. Paul falls within the purview of Minn. St. 32.104 or Minn. St. 17.037, subd. 3, to exempt the manufacturer and distributor from municipal licensing requirements.

Upon appeal defendant asserts that as it has been licensed by the commissioner of agriculture as a dairy producer pursuant to § 32.104, its plant and all distribution facilities are exempt from licensing requirements of all governmental subdivisions other than those in the city in which the plant is located. In addition, it contends that § 17.037, subd. 3, is also applicable to invoke an exemption in that a dairy producer is clearly a food distributor within the meaning of that section.

We do not agree. Had defendant engaged solely in distribution within the City of St. Paul of "dairy products" as defined in § 32.01, subd. 10, it would clearly have been, upon compliance with statutory procedures, entitled to the exemption contained within § 32.104. The addition to dispensed products of a nondairy orange drink would require licensing reexamination of the plant and facilities by the commissioner of agriculture pursuant to § 17.037, subd. 3.

The legislature in creating the statutory scheme relating to the powers and enforcement procedures granted to the commissioner of agriculture indicated an intent that one engaged in several agricultural activities must satisfy specific statutory requirements of each. A single license from the commissioner for the manufacture and distribution of dairy products is insufficient to relieve defendant from the licensing requirements of the City of St. Paul relating to food distribution. St. Paul Legislative Code, c. 291 and c. 337.

Affirmed.